UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT G. KESSEL AND** <br> **TERI L. KESSEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5234** |
| **STATE FARM FIRE AND CASUALTY** <br> **COMPANY, AUTO CLUB FAMILY** <br> **INSURANCE COMPANY, BROWN** <br> **CLAIMS SERVICE, INC., CHARLES** <br> **A. LAGARDE, JR. AND THE NATIONAL** <br> **FLOOD INSURANCE PROGRAM AND** <br> **THE FEDERAL EMERGENCY** <br> **MANAGEMENT AGENCY** | **SECTION: "C" (5)** |

**ORDER AND REASONS**

Before this Court is a Motion to Dismiss filed by Brown Claims Services, Inc. ("Brown") (Rec. Doc. 23). The plaintiffs, Robert G. Kessel and Teri L. Kessel (collectively, "Plaintiffs") oppose the motion. The motion is before the Court on the briefs, without oral argument. Having considered the memoranda of counsel, the record and the applicable law, the Court finds that dismissal is appropriate.

**I. BACKGROUND**

Plaintiffs own the residence located at 1170 Clipper Drive, Slidell, Louisiana. Plaintiffs procured a homeowner's insurance policy from Auto Club Family Insurance Company ("ACFIC"). They allege that this insurance police was in effect on August 29, 2005 when

Hurricane Katrina made landfall in Louisiana.

Sometime after the storm, Plaintiffs reported their losses to ACFIC and the adjustment process began. Plaintiffs were dissatisfied with the first inspection and adjustment of their claim, so they requested a second evaluation. ACFIC hired Brown Claims Services, Inc. ("Brown") for this task. The second inspection of Plaintiffs's property was performed by Brown employee Stephen Kennedy ("Kennedy").

Plaintiffs were unhappy with the second adjustment of their insurance claim. Specifically, they were upset that Kennedy did not measure the area of their fence that was lost due to Hurricane Katrina. As a result, they filed this suit alleging that the insurance adjustor acted in bad faith in adjusting their claim and breached duties of good faith. Brown now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiffs cannot state a claim against it.

**II. STANDARD OF REVIEW**

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of fats in support of his claim which would entitle him to relief." *Conley v. Gibson*, 335 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Blackburn v. Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The Fifth Circuit defines this strict standard as, "[t]he question therefore is whether in the light most favorable to the plaintiff

2

and with every doubt resolved in his behalf, the complaint states any valid claim for relief."

*Lowrey v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997) (citing, 5 *Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure*, § 1357, at 601 (1969)).

**III. ANALYSIS**

   Brown argues that Plaintiffs cannot state a cause of action against it under Louisiana law. Brown asserts that insurance adjustors do not owe an independent tort duty to an insured. Furthermore, Brown claims that any liabilty for its or its agent, Kennedy's, actions lies with Plaintiffs's insurer.

   Plaintiffs agree that the insurance adjustors do not owe them an independent tort duty. However, they argue that insurance adjustors can assume such a duty. According to Plaintiffs, Kennedy assumed and breached a tort duty acting within the scope of his employment with Brown. Plaintiffs allege that Kennedy breached the duty by claiming that the fence was not covered by the homeowner's policy because of the flooding and misrepresenting provisions of the insurance policy.

   Under Louisiana law, an insured has remedies against an insurer (1) for arbitrarily failing to pay the claims of the insured thirty days after the receipt of satisfactory proof of loss and (2) for failing to abide by its duty of good faith and fair dealing or its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured. LA. REV. STAT. ANN. §§ 22:658 and 22:1220 (West 2006). Neither of these statutes provides a remedy against an insurance adjustor. *Nero v. La. Indep. Ins. Agencies, Inc.,* 2003 WL 203146, *2 (E.D.La. 2003); *Yates v. Southwestern Life Ins. Co.*, 1998 WL 61033, *4 (E.D.La 1998).

Furthermore, Plaintiffs cannot establish a cause of action against the insurance adjustor in tort. Plaintiffs assert that an insurance adjuster has a duty to properly handle the claims which had been delegated to him by the insurer. However, this Court has previously disagreed with the holding of *Loehn v. Hardin*, 2002 WL 922380, *2 (E.D.La. 2003), finding instead that the duty to properly handle insurance claims is imposed by Louisiana Revised Statute § 22:1220, not by Louisiana Civil Code Article 2315,[1] and that nothing in the statute suggests that the Louisiana Legislature intended that the duties imposed on insurers be relegable to adjustors. See, *Motin v. Travelers Insurance Company, et al,* 2003 WL 22533673, *4 (E.D.La. 2003) (J. Berrigan). The Court further held that an insurance adjustor does not owe an independent tort duty to the insured. *Id.* Specifically, the Court found that the plaintiff's allegations that the defendants intentionally acted in bad faith in adjusting her claims did not support a cause of action sounding in tort.

In the case at bar, Plaintiffs claim that the insurance adjustors committed intentional and negligent acts which harmed them. In their petition, they claim that the insurance adjustor acted negligently and breached duties of good faith. See, Rec. Doc. 1. Then, in their opposition to this motion, they assert that the adjustor made statements about whether or not the fence was covered and that they were harmed by the statements.

As stated above, an insurance adjustor has no duty of good faith or independent tort duty to the insured. However, Plaintiffs are correct that an adjustor can assume a tort duty to the insured. This Court recognized in *Motin* that under some circumstances an adjustor may owe a

---

[1] Louisiana Civil Code article 2315 provides in pertinent part that:
A. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.

4

tort duty to an insured when they adjustor has undertaken such a duty.  See also, *Pennison, et. al. v. State Farm Fire and Casualty Co., et. al.*, 2006 WL 3904984 (E.D.La.) (citing, *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D.La.)).  Examples of when an adjustor may undertake such a duty can "include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjustor, the content of his promises to the claimants, misrepresentations and fraud." *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D.La.) (quoting, *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1 Cir. 1981)).  Furthermore, an adjustor has an "obligation to be truthful when he undertakes to give a claimant information about the potential success of his claim when he knows or reasonably should know that the claimant is relying on the information that he provides to make important decisions about his claim." *Id.* (citing, 46A C.J.S. *Insurance* § 1345(2004)).

In their opposition memorandum Plaintiffs claim that Kennedy made false statements regarding the coverage provided by their homeowner's insurance policy that they relied upon.  However, they did not alleged any facts in their petition upon which it could be supposed that the insurance adjustors assumed a duty to them.  Furthermore, Plaintiffs's statements that the adjustors acted in bad faith and stated that the fence would not be covered do not support an assumed duty because there is no allegation that Kennedy's statements regarding coverage for the fence were false.  The fact that the Plaintiffs were later paid for this damage is no indication that Kennedy was being untruthful at the time that the statements were made.  Thus, Plaintiff fails to state a cause of action against the insurance adjustors.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that Brown's Motion to Dismiss is **GRANTED**.

New Orleans, Louisiana, this 29th day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE